GRIMES, Acting Chief Judge.
Appellant was charged with two counts of possession of controlled substances. She pled nolo contendere reserving the right to appeal the denial of her motion to suppress. The court adjudicated her delinquent and placed her under community control.
Both counsel for the state and counsel for the appellant stipulated to the following facts. At 6:30 p.m., appellant, a fifteen-year-old girl, was a guest in an apartment while a controlled sale of marijuana was taking place. Through a body bug attached to a confidential informant, detectives overheard the entire transaction. They then gained access to the apartment and arrested the seller. They never heard appellant’s voice over their listening device and no statements were made by the participants that would implicate appellant. When questioned about her identity and address, appellant truthfully told the detectives that she lived with her mother in the apartment next door. She said her mother was out for the evening. The detectives then determined to take her to the police station. Before transporting her to the station, they searched her purse and discovered the marijuana and diazepam which later became the subjects of the motion to suppress.
The state concedes that the detectives had no probable cause to arrest appellant as a delinquent child. However, the state *111 argues that the detectives were justified in taking appellant into custody as a dependent child pursuant to section 39.401, Florida Statutes (1985). Under subsection (l)(b) of that statute, a child may be taken into custody by a law enforcement officer who has reasonable grounds to believe “that the child has been abandoned, abused, or neglected, is suffering from illness or injury, or is in immediate danger from his surroundings and that his removal is necessary to protect the child.”
The fact that a fifteen-year-old girl was left home by herself during the evening did not constitute abandonment or neglect. Appellant was not in danger because the police had already arrested the marijuana seller. The detectives could have ensured her safety by simply escorting her to her home next door. The state failed to show the urgency of the situation which would warrant taking appellant into custody as a dependent child. Therefore, the search was invalid, and the seizure of the controlled substances should have been quashed.
Reversed.
SCHOONOVER and HALL, JJ., concur.